CHIESA SHAHINIAN & GIANTOMASI PC
11 Times Square, 34th Floor
New York, NY 10036
(973) 530-2114
ajremore@csglaw.com
ABIGAIL J. REMORE
*Attorneys for Plaintiff*
*Van Leeuwen Ice Cream LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VAN LEEUWEN ICE CREAM LLC,<br><br>Plaintiff,<br><br>vs.<br><br>REBEL CREAMERY LLC,<br><br>Defendant. | Case No.: 21-2356<br><br>**COMPLAINT ALLEGING TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**Jury Trial Demanded** |

The Plaintiff, Van Leeuwen Ice Cream LLC ("Plaintiff"), by and through its undersigned attorneys, for its complaint against the defendant, alleges as follows:

**NATURE OF ACTION**

1. This is an action for trade dress infringement, unfair competition, initial interest confusion, reverse confusion, and other relief arising under the trademark and service mark laws of the United States, specifically 15 U.S.C. § 1051 *et seq*. (hereinafter "Lanham Act') and the common law of the State of New York.

**THE PARTIES**

2. Plaintiff, Van Leeuwen Ice Cream LLC, is a limited liability company organized and existing under the laws of the state of Delaware with a principal business address at 119 N. 11th Street, Suite 1A, Brooklyn, New York 11249. Plaintiff, originally a limited liability company named

1

Churn, LLC organized and existing under the laws of the state of Connecticut, underwent a name change and was converted into a Delaware limited liability company on July 24, 2018.

3. Upon information and belief, the defendant, Rebel Creamery LLC ("Defendant") is a limited liability company organized and existing under the laws of the state of Utah with a principal place of business located at 65 White Pine Canyon Road, Park City, Utah 84060 and a registered agent address located at 125 W. Main Street, #504, Midway, Utah 84049.

4. Defendant's products are available for sale at retail outlets throughout this judicial district and can be purchased online and shipped to customers in this judicial district.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claims arise under the trade dress laws of the United States. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over Plaintiff's claims that arise under the laws of the State of New York.

6. This Court has personal jurisdiction over the parties to this action because (i) Plaintiff's claims arise in this judicial district, and (ii) each party does business in this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because each party does business in this judicial district, witnesses and evidence are located within this judicial district, and the acts complained of herein have taken place in this judicial district.

## PLAINTIFF'S DISTINCTIVE PRODUCT PACKAGING AND TRADE DRESS

8. Plaintiff is a well-known, New York City based ice cream purveyor that creates and sells artisanal dairy-based and vegan ice cream goods and confectionaries on a retail basis nationwide as well as at its various brick and mortar ice cream shop locations ("Scoop Shops").

9. Plaintiff launched its ice cream business in 2008 with a single ice cream truck in New York City. Due to the high quality and artisanal nature of Plaintiff's goods and services, it has selectively expanded the scale and geographical scope of its offerings.

10. In 2009, Plaintiff began selling ice cream pints through grocery stores and specialty stores on a retail basis, and Plaintiff's products can now be found in forty-four states across the United States.

11. In February of 2010, Plaintiff opened its first brick and mortar location in Brooklyn, New York and currently has twenty-three Scoop Shops throughout New York, New Jersey, and California. Plaintiff is currently in the process of opening five additional Scoop Shops in California, Pennsylvania and Texas.

12. Plaintiff obtained United States Trademark Registration Nos. 5111660 and 5111661 issued on July 10, 2018 for the VAN LEEUWEN stylized logo mark (depicted below, the "Van Leeuwen Logo") respectively in International Class 30 for *ice cream; vegan ice cream; frozen cashew-based desserts; ice cream sundaes; pastries; candy topping; candy*, and in Class 43 for *ice cream parlors; providing of food and drink via a mobile truck; café services*. The Van Leeuwen Logo is comprised of the words Van Leeuwen shown in a black script typeface with exaggerated capital letters.

*Van Leeuwen*

Printouts from the U.S. Patent and Trademark Office trademark electronic search system ("TESS") records for the aforementioned registrations are attached hereto as **Exhibit A**.

13. Plaintiff has created and developed unique, distinctive and non-functional product packaging for the Van Leeuwen brand, particularly for its line of dairy-based ice cream pints (the

"Van Leeuwen Trade Dress") that are sold at Plaintiff's Scoop Shops as well as at grocery stores and specialty stores nationwide.

14. The Van Leeuwen Trade Dress is comprised of monochromatic cardboard pints with matching monochromatic lids. Each flavor is packaged in a unique pastel tinted hue. On the front of the pints appears the Van Leeuwen Logo in large black script typography, which is in stark contrast to the solid pastel colored pints. The only other information displayed on the front of the pints is the name and type of the flavor of ice cream as well as the wording "Est. Brooklyn 2008".

15. The overall design of the Van Leeuwen Trade Dress has a minimalistic aesthetic that is unique and that allows Plaintiff's goods to stand out from its competitors. The monochromatic design and pastel color palette reflect Plaintiff's mission to only use the most pure and fresh ingredients. Plaintiff collaborated with Pentagram, world-renowned branding agency, for over a year to come up with the unique Van Leeuwen Trade Dress. A printout from Pentagram's website discussing the collaboration and the Van Leeuwen Trade Dress is attached hereto as **Exhibit B**.

16. The unique trade dress is a deviation from packaging found on other ice cream pints, which typically include numerous design elements and saturated bright colors. Sample images of other ice cream brands' packaging are attached hereto as **Exhibit C**.

17. An example of one of Plaintiff's ice cream pints, namely Plaintiff's Chocolate Fudge Brownie flavor, is depicted below:



4828-7579-0310.v8

18. The arrangement and combination of all the aforementioned elements comprising the Van Leeuwen Trade Dress is arbitrary and fanciful, distinctive, non-functional, well-recognized, and constitutes valid trade dress.

19. The Van Leeuwen Logo and pastel color palette has been in continuous use by Plaintiff since 2008 and the Van Leeuwen Trade Dress has been in continuous use since August of 2016.

20. The Van Leeuwen Trade Dress is essential to Plaintiff's success, and in fact, within the first six months of Plaintiff's adoption of the Van Leeuwen Trade Dress in 2016, Plaintiff's sales and sales velocity increased by nearly fifty percent.

21. Over the years, Plaintiff has expended substantial time, money, effort and other resources advertising, promoting, developing and marketing the arbitrary and non-functional Van Leeuwen Trade Dress and the high-quality goods offered thereunder.

22. Plaintiff's website, social media accounts and other marketing materials all promote and display photographs featuring the arbitrary and non-functional Van Leeuwen Trade Dress. Representative samples of Plaintiff's website, social media accounts and marketing materials are attached hereto as **Exhibit D**.

23. The Van Leeuwen Trade Dress has been featured in many third-party publications, including several online publications, many of which discuss the distinctive nature of the Van Leeuwen Trade Dress. In addition, since Plaintiff's collaboration with Pentagram, the Van Leeuwen Trade Dress has been presented as a successful case study at many graphic design and branding conferences and has come to be a well-known success story in Plaintiff's industry. Representative samples of the aforementioned articles are attached hereto as **Exhibit E**.

24. As a result of the extensive use of the Van Leeuwen Trade Dress and the substantial advertising, marketing and promotional efforts by Plaintiff, the Van Leeuwen Trade Dress has acquired substantial consumer recognition and goodwill, has come to be widely

recognized by the public as identifying Plaintiff's goods, and has become an important source indicator of Plaintiff's goods.

## DEFENDANT'S INFRINGEMENT

25. Upon information and belief, in August 2018, subsequent to Plaintiff's substantial use and promotion of the Van Leeuwen Trade Dress and subsequent to Plaintiff's Van Leeuwen Trade Dress acquiring consumer recognition as identifying and distinguishing Plaintiff's goods from those of others, Defendant adopted and began using a confusingly similar product packaging (the "Rebel Trade Dress") in connection with the sale of Defendant's low carb ice cream suitable for the ketogenic diet.

26. Defendant duplicated virtually every single design detail and element which comprises the arbitrary and non-functional Van Leeuwen Trade Dress. Specifically, the Rebel Trade Dress features the following elements:

(a) cardboard monochromatic pints with matching monochromatic lids;

(b) use of a primarily pastel color palette and/or pastel tinted hues;

(c) black script typeface lettering with an exaggerated capital letter appearing across the front of the ice cream pint with additional descriptive writing in black lettering; and

(d) an overall minimalistic design aesthetic.

27. In fact, the only perceptible difference between the Van Leeuwen Trade Dress and the Rebel Trade Dress is Defendant's inclusion of the number of carbohydrates found in the respective ice cream pint.

28. The chart below shows side by side images comparing examples of Plaintiff's Van Leeuwen Trade Dress on the left and Defendant's Rebel Trade Dress on the right. The

images evidence Defendant's blatant infringement and misappropriation of the Van Leeuwen Trade Dress.

| Van Leeuwen Trade Dress | Rebel Trade Dress |
|---|---|
| | |
| | |
| | |

29.     The Rebel Trade Dress so closely resembles the Van Leeuwen Trade Dress that Plaintiff has lost out on commercial opportunities to exploit and monetize its brand. For example, a buyer for a large national retail chain told Plaintiff that it could not carry Plaintiff's goods because it already carries Defendant's goods and the Van Leeuwen Trade Dress and Rebel Trade Dress are too similar.

30.     Defendant's use, marketing and promotion of the Rebel Trade Dress has resulted in consumer confusion, as Plaintiff has been approached by confused consumers who mistakenly

7

believed that, due to Defendant's use of the strikingly similar Rebel Trade Dress, Plaintiff is now offering a low carb ice cream suitable for the ketogenic diet under the name Rebel.

31. Defendant's continued use, marketing and promotion of the Rebel Trade Dress is likely to continue to cause consumer confusion, mistake or deception as to the source or origin of Defendant's goods as the public is likely to believe that Defendant's low carb ice cream provided in the Rebel Trade Dress is sponsored by, approved by, licensed by or otherwise affiliated with or legitimately connected to Plaintiff, which it is not.

32. Defendant's continued use, marketing and promotion of the Rebel Trade Dress will result in the misappropriation of and the profiting off of the goodwill of Plaintiff, as consumers are likely to be diverted to Defendant's goods in their initial purchasing efforts resulting in initial interest confusion. Consumers are likely to see Defendant's Rebel Trade Dress in the frozen aisle at a grocery store believing that Defendant's goods are in fact Plaintiff's goods and then, given the nature of the goods and the relatively inexpensive cost, consumers are likely to purchase Defendant's goods.

33. Defendant's use, promotion, and marketing of the Rebel Trade Dress will also likely cause reverse confusion, as due to the size and scope of Defendant's business, consumers are likely to believe that Defendant is the senior user of the confusingly similar Rebel Trade Dress, which it is not. Further, due to the size and scope of Defendant's business, consumers are likely to believe that Plaintiff's Van Leeuwen Trade Dress infringes upon Defendant's Rebel Trade Dress, which it does not.

34. Defendant's use, promotion, and marketing of the Rebel Trade Dress in connection with its low carb ice cream is unlawful, amounts to trade dress infringement and

unfair competition, and amounts to misappropriation and profiting off the goodwill of Plaintiff's Van Leeuwen Trade Dress, all of which results in injuring Plaintiff.

## COUNT I

### FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT

35. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as if they were set forth in full herein.

36. Defendant's sale and promotion of its low carb ice cream goods in product packaging that is nearly identical to Plaintiff's protectable, distinctive and non-functional Van Leeuwen Trade Dress described above is likely to cause, and has already caused, confusion or mistake and/or consumer deception in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

37. Defendant has misappropriated a valuable property right and the goodwill of Plaintiff and has attempted to falsely create confusion and the impression in the mind of consumers that the Rebel ice cream is associated with, affiliated with or sponsored or endorsed by Plaintiff, which it is not.

38. Defendant's activities misrepresent the nature, characteristics, or qualities of Defendant's goods.

39. Defendant's activities, as alleged herein, constitute unfair competition, false designation of origin, trade dress infringement, and false description and representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Defendant has committed such acts of false designation of origin and false description and representation deliberately, willfully and with full knowledge of Plaintiff's prior use of, and rights in, its Van Leeuwen Trade Dress.

41. As a result of Defendant's acts of unfair competition, Plaintiff has suffered and will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## COUNT II

### REVERSE CONFUSION UNDER THE LANHAM ACT

42. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as if they were set forth in full herein.

43. Plaintiff alleges reverse confusion under Section 32(1) of the Lanham Act, 15 U.S.C.A.§§ 1114(1) and 43(a) of the Lanham Act, 15 U.S.C.A. § 1114(1).

44. Plaintiff is the senior user of the Van Leeuwen Trade Dress which is valid, protectable trade dress.

45. Defendant is the junior user of the Rebel Trade Dress, which it has used without the consent of Plaintiff in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods. Defendant has adopted and promoted the Rebel Trade Dress, and appropriated for themselves goodwill that rightfully should belong to Plaintiff.

46. Due to the larger scope and size of Defendant's business, Defendant's actions are likely to lead the public to conclude, incorrectly, that Plaintiff's goods originate from Defendant, which will damage both Plaintiff and the public.

47. Defendant's unauthorized use of the Van Leeuwen Trade Dress in interstate commerce constitutes reverse confusion and is likely to cause consumer confusion, mistake, or deception.

48. As a direct and proximate result of Defendant's reverse confusion, Plaintiff has suffered and will continue to suffer loss of income, profits and goodwill, and Defendant has and will continue to unfairly acquire income, profits and goodwill.

49. Unless enjoined by this Court, Defendant's wrongful acts will continue and Plaintiff will continue to suffer irreparable harm for which it has no adequate remedy at law.

## COUNT III

### COMMON LAW TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION

50. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as if they were set forth in full herein.

51. Plaintiff owns all rights, title, and interest in its Van Leeuwen Trade Dress as described above, including all common law rights therein.

52. Defendant's aforesaid acts constitute infringement of Plaintiff's rights in its Van Leeuwen Trade Dress and tend to falsely represent that Defendant's goods are provided by, sponsored by, approved by, licensed by, affiliated with or in some other way legitimately connected to Plaintiff and are of the same character, nature and quality as the goods provided by Plaintiff, thereby damaging Plaintiff and Plaintiff's reputation.

53. Defendant's consumer-oriented conduct was and is directed at the public, was and is materially misleading to the public, has affected the public interest of New York and has resulted in injury to consumers in New York.

54. Defendant's acts complained of hereinabove constitute acts of trade dress infringement and unfair competition against Plaintiff under the common law of the State of New York, which acts have been committed knowingly and willfully and have injured Plaintiff in its trade and business.

55. By reason of the aforesaid acts, Defendant has caused damage to Plaintiff and to the goodwill associated with Plaintiff's Van Leeuwen Trade Dress, as well as injury to the public.

56. Unless enjoined by this Court, Defendant's wrongful acts will continue and Plaintiff will continue to suffer irreparable harm for which it has no adequate remedy at law.

## COUNT IV

### DILUTION IN VIOLATION OF NEW YORK GENERAL BUSINESS LAW

57. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as if they were set forth in full herein.

58. Plaintiff is the owner of the Van Leeuwen Trade Dress.

59. Defendant has used, is using, and has caused others to use the confusingly similar Rebel Trade Dress without Plaintiff's authorization.

60. Defendant's unauthorized uses of the Rebel Trade Dress have impaired and damaged and are likely to impair and damage the distinctiveness of the Van Leeuwen Trade Dress by causing the public to no longer associate the distinctive Van Leeuwen Trade Dress exclusively with Plaintiff.

61. Defendant's unauthorized use is also likely to tarnish the reputation of Plaintiff and the goodwill Plaintiff has developed in the Van Leeuwen Trade Dress.

62. Defendant's conduct was and is knowing, deliberate, willful, and in bad faith and done with the intent to trade on the goodwill and reputation of Plaintiff and the Van Leeuwen Trade Dress, to impair the distinctiveness of the Van Leeuwen Trade Dress, and to deceive consumers into believing that Plaintiff is connected with Defendant's products

63. Defendant's actions, as stated above, have caused and will continue to cause a likelihood of injury to Plaintiff's business reputation in violation of New York General Business Law § 360-l.

64. Unless enjoined by this Court, Defendant's wrongful acts will continue and Plaintiff will continue to suffer irreparable harm for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant as follows:

1. That Defendant, and its principals, officers, agents, servants, distributors, affiliates, employees, attorneys and representatives and all those in privity or acting in concert with the Defendant, and each of them, be permanently enjoined and restrained from, directly or indirectly:

    (a) Using trade dress identical to the Van Leeuwen Trade Dress or any other trade dress confusingly similar thereto, in connection with Defendant's goods;

    (b) Falsely designating the origin, sponsorship, or affiliation of Defendant's goods in any manner;

    (c) Otherwise competing unfairly with Plaintiff in any manner;

    (d) Using any trade dress which creates a likelihood of injury to the business reputation of Plaintiff and the goodwill associated therewith;

    (e) Using any trade practices whatsoever including those complained of herein, which tend to unfairly compete with or injure Plaintiff's business and goodwill pertaining thereto; and

    (f) Continuing to perform in any manner whatsoever any of the acts complained of in this Complaint.

2. That the Defendant be required to pay to Plaintiff compensatory damages for the injuries sustained by Plaintiff in consequence of the unlawful acts alleged herein and that such

damages be trebled pursuant to 15 U.S.C. § 1117 because of the willful and unlawful acts as alleged herein.

3. That Defendant be required to pay Plaintiff punitive damages in an amount to be determined at trial.

4. That Defendant be required to account for and pay over to Plaintiff all gains, profits and advantages derived by Defendant from the unlawful activities alleged herein.

5. That Defendant be required to deliver for destruction all advertisements, promotional flyers, cards, brochures, stationery, promotional materials, packaging, labels and any other written materials which contain Defendant's infringing Rebel Trade Dress together with all plates, molds, matrices and other means and materials for making or reproducing the same.

6. That Defendant be required to remove any and all online use of the Rebel Trade Dress, including via any of its websites, social media accounts or otherwise, and that Defendant be required to take steps necessary to remove any use of the Rebel Trade Dress from any third party website or online source.

7. That Defendant be required to pay to Plaintiff all of its litigation expenses, including but not limited to reasonable attorney's fees and the costs of this action.

8. That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

> CHIESA SHAHINIAN & GIANTOMASI PC
> 11 Times Square, 34th Floor
> New York, NY 10036
> ajremore@csglaw.com
> (973) 530-2114
> *Attorneys for Plaintiff*
> *Van Leeuwen Ice Cream LLC*
>
> By: */s/Abigail J. Remore*
>       ABIGAIL J. REMORE

Dated: April 28, 2021
          New York, New York

4828-7579-0310.v8

## JURY DEMAND

Plaintiff demands trial by jury of all claims and defenses in this action so triable.

                                                            CHIESA SHAHINIAN & GIANTOMASI PC
                                                            11 Times Square, 34th Floor
                                                            New York, NY 10036
                                                            ajremore@csglaw.com
                                                            (973) 530-2114
                                                            *Attorneys for Plaintiff*
                                                            *Van Leeuwen Ice Cream LLC*

                                        By:    */s/Abigail J. Remore*
                                                                 ABIGAIL J. REMORE

Dated:  April 28, 2021
           New York, New York