UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------

VAN LEEUWEN ICE CREAM LLC,     :
                :  1:21-cv-02356-EK-JRC
    Plaintiff,        :
                :  DEFENDANT'S FIRST AMENDED
  against           :  ANSWER AND COUNTERCLAIMS
                :  FOR DECLARATORY JUDGMENT
REBEL CREAMERY LLC,      :
                :
    Defendant.       :

Rebel Creamery LLC ("Rebel Creamery" or "Defendant"), by and through its undersigned counsel hereby answers and states its defenses to the Complaint filed by Van Leeuwen Ice Cream LLC ("Van Leeuwen" or "Plaintiff") (ECF No. 1) as follows:

## NATURE OF ACTION

1. Rebel Creamery admits that the Complaint asserts claims and seeks relief under federal and state law but denies that Plaintiff's claims have merit or that Plaintiff is entitled to any relief.

## THE PARTIES

2. Rebel Creamery lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiff's Complaint and therefore denies those allegations.

3. Rebel Creamery admits the allegations in paragraph 3 of the Complaint.

4. Rebel Creamery admits the allegations in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Rebel Creamery admits that this Court has subject matter jurisdiction with respect to the asserted federal law claims, and supplemental jurisdiction over the state law claims, but denies that there are any proper bases for the complaint.

6.      Rebel Creamery does not contest personal jurisdiction in this Court and otherwise denies any factual allegations in paragraph 6 of the Complaint.

7.      Rebel Creamery does not contest venue and otherwise denies any factual allegations in paragraph 7 of the Complaint.

## PLAINTIFF'S ALLEGED DISTINCTIVE PRODUCT PACKAGING AND TRADE DRESS

8.      Rebel Creamery lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of Plaintiff's Complaint and therefore denies those allegations.

9.      Rebel Creamery lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of Plaintiff's Complaint and therefore denies those allegations.

10.      Rebel Creamery lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiff's Complaint and therefore denies those allegations.

11.      Rebel Creamery lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiff's Complaint and therefore denies those allegations.

12.     Rebel Creamery denies that U.S. Trademark Registration Nos. 5111660 and 5111611 are for the Van Leeuwen stylized logo mark. Rebel Creamery therefore also denies the remaining allegations in Paragraph 12 of Plaintiff's Complaint.

13.     Rebel Creamery denies the allegations in Paragraph 13 of the Complaint.

14.     Rebel Creamery admits that the look, wording, colors, and elements of Plaintiff's packaging speak for themselves and denies any remaining allegations in Paragraph 14 of the Complaint.

15.     Rebel Creamery denies that Van Leeuwen's product packaging has a unique trade dress that stands out from competitors. Rebel Creamery otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16.     Rebel Creamery denies that Van Leeuwen's product packaging consists of a unique trade dress and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17.     Rebel Creamery admits that the depiction in paragraph 17 appears to be of Plaintiff's chocolate fudge brownie flavor and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 16 of Plaintiff's Complaint and therefore denies the same.

18.     Rebel Creamery denies the allegations in Paragraph 18.

19.     Rebel Creamery lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20.     Rebel Creamery lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21.     Rebel Creamery lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiff's Complaint and therefore denies the same.

22.     Rebel Creamery admits that samples of Plaintiff's website, social media accounts, and marketing materials appear to be attached as Exhibit D to the Complaint and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of Plaintiff's Complaint and therefore denies the same.

23.     Rebel Creamery lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiff's Complaint and therefore denies the same

24.     Rebel Creamery denies the allegations in Paragraph 24 of Plaintiff's Complaint.

**DEFENDANT'S ALLEGED INFRINGEMENT**

25.     Rebel Creamery admits that beginning in 2018 it began selling a low carb ice cream suitable for the ketogenic diet and denies all remaining allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Rebel Creamery admits that the trade dress of its packaging speaks for itself and denies all remaining allegations in Paragraph 26 of Plaintiff's Complaint.

27.     Rebel Creamery denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28.     Rebel Creamery admits that the depictions in Paragraph 28 appear to be of Plaintiff's and Rebel Creamery's respective packaging and denies all remaining allegations in paragraph 28 of the Complaint.

29.     Rebel Creamery denies that its trade dress is so similar to Plaintiff so as to cause any commercial impact or damage to Plaintiff and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of Plaintiff's Complaint and therefore denies the same.

30.     Rebel Creamery denies that its use, marketing or promotion of its products has resulted in any consumer confusion and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiff's Complaint and therefore denies the same.

31.     Rebel Creamery denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32.     Rebel Creamery denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33.     Rebel Creamery denies the allegations in Paragraph 33 of Plaintiff's Complaint.

34.     Rebel Creamery denies the allegations in Paragraph 34 of Plaintiff's Complaint.

## COUNT I: ALLEGED FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND TRADE DRESS INFRINGEMENT

35.     Rebel Creamery adopts and realleges Paragraphs 1-34 of its Answer as if full set forth herein.

36.     Rebel Creamery admits that it sells and promotes low carb ice cream products, but otherwise denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37.     Rebel Creamery denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.     Rebel Creamery denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.     Rebel Creamery denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.     Rebel Creamery denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41.     Rebel Creamery denies the allegations in Paragraph 41 of Plaintiff's Complaint.

## COUNT II: ALLEGED REVERSE CONFUSION UNDER THE LANHAM ACT

42. Rebel Creamery adopts and realleges Paragraphs 1-41 of its Answer as if full set forth herein.

43. Paragraph 43 consists of legal conclusions to which no response is required.

44. Rebel Creamery lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 of Plaintiff's Complaint and therefore denies the same.

45. Rebel Creamery admits that it began using its product packaging after Plaintiff and denies all remaining allegations of paragraph 45 of the Complaint.

46. Rebel Creamery lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the relative scope and size of the parties' respective businesses and denies all remaining allegations Paragraph 46 of Plaintiff's Complaint.

47. Rebel Creamery denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48. Rebel Creamery denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49. Rebel Creamery denies the allegations in Paragraph 49 of Plaintiff's Complaint.

## COUNT III: ALLEGED COMMON LAW TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION

50. Rebel Creamery adopts and realleges Paragraphs 1-49 of its Answer as if full set forth herein.

51. Rebel Creamery lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 of Plaintiff's Complaint and therefore denies the same.

52. Rebel Creamery denies the allegations in Paragraph 52 of Plaintiff's Complaint.

53. Rebel Creamery denies the allegations in Paragraph 53 of Plaintiff's Complaint.

54. Rebel Creamery denies the allegations in Paragraph 54 of Plaintiff's Complaint.

55.     Rebel Creamery denies the allegations in Paragraph 55 of Plaintiff's Complaint.

56.     Rebel Creamery denies the allegations in Paragraph 56 of Plaintiff's Complaint.

### COUNT IV: ALLEGED DILUTION IN VIOLATION OF NEW YORK GENERAL BUSINESS LAW

57.     Rebel Creamery adopts and realleges Paragraphs 1-56 of its Answer as if full set forth herein.

58.     Rebel Creamery denies that Plaintiff owns any protectible trade dress for its product packaging.

59.     Rebel Creamery denies the allegations in Paragraph 59 of Plaintiff's Complaint.

60.     Rebel Creamery denies the allegations in Paragraph 60 of Plaintiff's Complaint.

61.     Rebel Creamery denies the allegations in Paragraph 61 of Plaintiff's Complaint.

62.     Rebel Creamery denies the allegations in Paragraph 62 of Plaintiff's Complaint.

63.     Rebel Creamery denies the allegations in Paragraph 63 of Plaintiff's Complaint.

64.     Rebel Creamery denies the allegations in Paragraph 64 of Plaintiff's Complaint.

### GENERAL DENIAL

The remainder of Plaintiff's Complaint constitutes a prayer for relief to which no response is required.  To the extent a response may be required, Rebel Creamery denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.  Unless expressly admitted herein, Rebel Creamery denies all allegations contained in the Complaint.

## REBEL CREAMERY'S AFFIRMATIVE DEFENSES

65.     Rebel Creamery incorporates by reference the foregoing paragraphs in their entirety and assert the following affirmative and other defenses.  By asserting these defenses, Rebel Creamery does not admit it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear.  Rebel Creamery reserves all other defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.  Rebel Creamery reserves the right to amend and/or supplement these Affirmative Defenses as this case progresses and new information becomes known to it through discovery or otherwise.

### FIRST DEFENSE

66.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

67.     Rebel Creamery has not infringed nor engaged in acts of trademark infringement, trade dress infringement, engaged in unfair competition, or engaged in dilution, nor violated any valid federal, state and/or common law rights of Van Leeuwen.

### THIRD DEFENSE

68.     Van Leeuwen's alleged trade dress in its packaging is generic.

### FOURTH DEFENSE

69.     Van Leeuwen's alleged trade dress in its packaging is not inherently distinctive and lacks secondary meaning.

### FIFTH DEFENSE

70.     There is no likelihood of confusion between Van Leeuwen's products and Rebel Creamery's products.

**SIXTH DEFENSE**

71.　　There has been no usage by Rebel Creamery in connection with its goods of any word, symbol, device, product packaging, or combination thereof or any false designation of origin or false or misleading description of fact or false or misleading representation of fact which is likely to cause confusion between Rebel Creamery and Van Leeuwen or to cause mistake or to deceive any person that Rebel Creamery is affiliated, connected or associated with Van Leeuwen as would constitute a violation of the Lanham Act.

**SEVENTH DEFENSE**

72.　　Rebel Creamery's first use in commerce of its packaging for pints of ice cream was in good faith and in areas remote from Van Leeuwen's use of its alleged trade dress, such that as of the date of Rebel Creamery's first use in particular states and/or geographic regions, Van Leeuwen's alleged trade dress was not known by consumers in those states and/or regions. In addition, Van Leeuwen's alleged trade dress had failed to obtain acquired distinctiveness by the date of Rebel Creamery's first use in commerce in those states and/or regions.

## REBEL CREAMERY'S COUNTERCLAIMS
## AGAINST VAN LEEUWEN

Rebel Creamery LLC ("Rebel Creamery" or "Counterclaim Plaintiff"), by and through its attorneys, makes the following counterclaims against Van Leeuwen Ice Cream LLC ("Van Leeuwen" or "Counterclaim Defendant").

### PARTIES

1.    Rebel Creamery is a limited liability company formed and existing under the laws of the State of Utah with a principal place of business located at 125 W Main Street, #504, Midway, Utah 84049.

2.    On information and belief, Van Leeuwen is a limited liability company formed and existing under the laws of the state of Delaware with a principal business address at 119 N. 11th Street, Suite 1A, Brooklyn, New York 11249.

### JURISDICTION

3.    This is an action for declaratory judgment of, *inter alia*, no protectable trade dress and no trade dress infringement, arising under the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, as well as the Lanham Act, 15 U.S.C. § 1051 et seq.

4.    Based on the allegations in the Complaint, this court also has subject matter jurisdiction over the counterclaims asserted herein under 28 U.S.C. §§ 1331, 1338(a), and 1367.

5.    On April 28, 2021, Van Leeuwen filed its Complaint in the United States District Court for the District of Eastern New York, alleging that Rebel Creamery infringed its trade dress, among other claims.

6.    This Court has personal jurisdiction over Van Leeuwen because it has a principal place of business in this District and filed this lawsuit in this District.

7.      As Van Leeuwen has sued Rebel Creamery for alleged infringement of its trade dress in the present action, there is an actual, continuing, and justiciable controversy between Van Leeuwen, on the one hand, and Rebel Creamery, on the other, concerning the alleged infringement of Van Leeuwen's alleged trade dress.

## GENERAL ALLEGATIONS

### Rebel Creamery's Products and Packaging

8.      Rebel Creamery was launched in 2017 by Austin and Courtney Archibald.  The husband-and-wife team had made homemade ice cream for years but when the Archibalds switched to a low sugar diet, they decided to adapt their recipes to achieve the lowest net carbohydrates ("carbs") and make the ice cream suitable for consumption under a ketogenic ("keto") diet. To accomplish this task, the pair partnered with various food scientists. In the end, they were able to achieve ice cream with low net carbs while keeping much of the taste and consistency consumers expect from ice cream.

9.      Since Rebel Creamery's inception in 2017 in Utah, Rebel has grown throughout the country and is sold in various major grocery stores, including Wal-Mart, Publix, Kroger, Whole Foods Market, and Target. The company also offers a variety of diary products, including pints of ice cream, ice cream sandwiches, and milk products. Each of the products are high in healthy fats, moderate in protein, and low in sugar, making them all acceptable for the keto diet. The products also use natural sweeteners to help prevent blood sugar spikes.

10.      In order to emphasize and highlight the low carb, keto friendly nature of the products, Rebel Creamery's products all disclose the amount of net carbs in grams on the front center of its packaging, in a prominent, large black circle that rivals the size of the REBEL word mark, as reflected below:

  

Each of product packages have a single color covering the majority of the packaging and include at least (1) the stylized REBEL trademark, (2) the flavor, and (3) the total net carbs per unit in a large black circle. For the pints of ice cream specifically, the lid includes labeling around the rim indicating important dietary aspects of the product, such as "no sugar added" and "keto," in bold black writing. Rebel Creamery prominently displays the net carbs figure and includes the writing on the rim of the lid in order to highlight the niche nature of its products and specifically target individuals seeking foods and beverages consistent with a low carb, high fat diet.

11.     In selecting the above packaging, Rebel Creamery conducted research to understand trends for packaging. For instance, an article by Martis Lupus entitled "10 Creative Packaging Design Trends for 2018," https://99designs.com/blog/trends/packaging-design-trends-2018/ (2017) ("2018 Design Trends") lists 10 anticipated trends in packaging for 2018.  The top two trends identified by 2018 Design Trends were "simplicity" and "pastels." Further, as noted by the article, "Minimalist design has been around for some time now and it's not going anywhere soon." As to pastels, the author writes "Feminine, calming package design is moving into the spotlight in 2018, which means that pastels are seeing a resurgence." These known,

publicized packaging trends are used by Plaintiff's packaging, Rebel Creamery's packaging, and the packaging of countless third-party food companies.

12.     The packaging of other ice cream and frozen dessert products on the market confirms that the trends identified in 2018 Design Trends are ubiquitous.  For example, Jeni's Splendid Ice Creams uses monochromatic, pastel colors on its carton and lids, large cursive writing, and an overall minimalistic, simple design:



13.     Similarly, Morgenstern's NYC also follows the trend, as its simple packaging employs a monochromatic color (white) on its carton and lid with minimal, black writing that only includes (1) the Morgenstern's name stylized in cursive, (2) the phrase "FINEST ICE CREAM" and (3) Morgenstern's 2014 establishment date:



14.     Ripple Foods also embraced monochromatic, pastel colors with a minimalistic design for its non-dairy frozen desserts:



15.     Similarly, Craig's Vegan uses soft, pastel colors on the lid of their white containers, an overall minimalist aesthetic with the CRAIGS name in black cursive lettering:



.

16.     Likewise, Eclipse frozen desserts also has employed these same packaging trends, using monochromatic pastel colors on the packaging and lid and an overall minimalist aesthetic:



17.     The Museum of Ice Cream also sells pints of ice cream that use a monochromatic, pastel color on both the container and the lid, with also a minimalistic aesthetic:



18.     To be clear, the idea of using monochromatic colors for ice cream, a different color for each flavor, and muted or pastel colors, has been around for decades, including use by Blue Bell Creameries, a company started in 1907:



19.    Indeed, the use of monochromatic, pastel colors, black cursive writing, and a different color for each flavor is ubiquitous in the ice cream and frozen dessert category:



**No Sugar Added Vanilla Gone Wild**       **Completely Crush-worthy Cookies 'n Cream**       **Vanilla Gone Wild**       **The Dynamic Duo: Vanilla & Chocolate**

20.    This minimalist trend using monochromatic pastel colors is not limited to ice creams and frozen desserts, but can be found throughout a grocery store or supermarket in other food packaging, particularly for foods marketed as health foods or for diets. For example, RXBAR, a company that sells protein bars made with minimal ingredients, has been using the following packaging since at least 2015:



21.     Similar packaging can be found in other bars marketed as health foods or for diets, such as ZING's bars, which include the stylized ZING name contrasted against muted colors:



22.     G2G's protein bar line also follows this trend, adopting a miminalist aesthetic using monochromatic, pastel colors and large writing constrasted against those colors:



23.    In each of the ice cream, frozen dessert, and food examples above, as well as many other food products that can be commonly found in grocery stores and markets around the country, the packaging trends identified in the 2018 Design Trends are in full display.  Use of a minimalistic aesthetic, monochromatic pastel colors, and large black writing (often cursive) is so commonplace as to be generic.

**Van Leeuwen's Products and Packaging**

24.    In this litigation, Van Leeuwen has defined its trade dress as being (1) monochromatic, (2) using "pastel tinted hues" (however that that ambiguous phrasing is defined), (3) large black script topography for the Van Leeuwen name, and (4) a minimalistic aesthetic. (ECF No. 14-15).  Van Leeuwen's adoption of the same packaging trends identified above and used by multiple third parties for various ice cream, frozen dessert, and other food products is neither surprising nor distinctive.

25.    Moreover, Van Leeuwen offers a variety of products, including dairy-based ice cream and vegan non-dairy frozen dessert in both pints and bar form (collectively, the "Van Leeuwen Products").



26.     When attempting to define its trade dress, Van Leeuwen has focused on only a select subset of its products, generally identified in the picture above, while ignoring its other products.

27.     Van Leeuwen's attempt to look at only a subset of its product offerings when defining its trade dress is understandable, since Van Leeuwen's trade dress across all the Van Leeuwen Products is utterly inconsistent and does not conform with Van Leeuwen's own trade dress definition.

28.     For example, Van Leeuwen has conspicuously avoided mentioning or depicting its "macaroni and cheese" flavored ice cream that it sells in pints alongside its other ice cream products, and for good reason:  Van Leeuwen chose to abandon its own trade dress definition in order to feature a large, yellow macaroni noodle against a blue background, with white and yellow instead of black lettering:



29.     Van Leeuwen's "macaroni and cheese" flavored ice cream is *not* monochromatic, does *not* use a pastel color, does *not* employ a minimalistic aesthetic (as it has defined that term), and does *not* employ black lettering.

30.     Similarly, Van Leeuwen uses white instead of black script on several other of its flavors, essentially whenever it suits it, as depicted in its "Royal Wedding Cake" and "Bourbon Cherries Jubilee" flavors:



31.     Looking at more of Van Leeuwen products, its abandonment of its purported trade dress definition is even more glaring.  For example, Van Leeuwen's vegan ice cream dessert uses packaging that is not monochromatic, is not limited to pastel colors, is not limited to black script writing, and includes additional wording and elements that goes beyond a "minimal aesthetic:"



"

32.     The inconsistency in Van Leeuwen's trade dress is even more blatant when Van Leeuwen's ice cream bars are considered, which essentially abandons *all* of the elements that Van Leeuwen has identified in its purported trade dress definition:

 

33.     Across the various Van Leeuwen Products that Plaintiff markets and sells to the public, the only commonality or consistency in its trade dress is the stylized word mark "Van Leeuwen."  Unless one ignores the bulk of the Van Leeuwen Products, its trade dress is not monochromatic, is not limited to pastel colors, is not limited to large black script typography, and employs conspicuous graphics and artwork that cannot be considered "minimalistic."

34.     Van Leeuwen's failure to consistently use the trade dress that it has defined and sought to enforce in this litigation renders it not inherently distinctive, nor can it have acquired distinctiveness through secondary meaning due to the many different and conflicting variations of trade dress that Van Leeuwen has exposed and sold to the public.  As such, the trade dress of the Van Leeuwen Products does not and cannot function as an indicator of source.

35.     Indeed, if "Van Leeuwen" was removed from the packaging, the trade dress alone would be insufficient to identify for consumers the source of the products, both because the trade dress itself is not consistently used, and because the trade dress consists merely of common, generic, and/or ubiquitous elements that represent the current trends in food packaging and can be found in a multiple other food products where the Van Leeuwen Products are sold, such as Jeni's, Morgenstern's, Blue Bell, and RXBAR's packaging.

36.     Apart from Van Leeuwen's inability to establish protectible trade dress to support its claims, application of the likelihood of confusion factors further defeats any claim for trade dress infringement.

37.     Foremost, as set forth above, Van Leeuwen's asserted trade dress is extremely weak to the extent it's protectable at all, because it is not consistently used, consists of common, generic, and non-specific elements that are commonplace in food packaging, was only in commercial use for two years prior to Rebel Creamery's launch of its products, and is diluted due to the multitude of third parties using the same or similar trade dress elements, either alone or in combination.

38.     A comparison of the parties' respective trade dresses (depending on which version of the Van Leeuwen Products' trade dress is considered), reveals sufficient differences to avoid a likelihood of confusion, including: (1)  Rebel Creamery's prominent use of its REBEL word mark, which could not be more dissimilar to the VAN LEEUWEN mark and is the primary means used by consumers to distinguish products; (2) use of a prominent, black circle on the front of every product with the net carbs in gram figure prominently displayed, which is entirely absent Van Leeuwen's packaging; and (3) use of prominent wording around the lid of the pints of ice cream to convey dietary facts about the product, with is also entirely absent from Van

Leeuwen's packaging. Importantly, with respect to the net carbs displayed on the front of the pints and the writing on the rim, by Van Leeuwen's own claims, these two elements would violate the "minimalistic aesthetic" that Van Leeuwen asserts is a key part of its trade dress.

39.     Rebel Creamery's products are specifically targeted towards consumers seeking a low carb (i.e., low or no sugar), keto diet, which is a specialty niche market that is unrelated to and does compete with general, full sugar ice cream products such as the Van Leeuwen Products. A consumer interested in a purchasing a low carb, keto friendly REBEL product is highly unlikely to consider (let alone purchase) a VAN LEEUWEN product.

40.     For this same reason, the parties' respective marketing messages and target audiences are distinct and different, as Rebel Creamery is targeted exclusively towards health-conscious individuals focused on a low carb, keto-friendly diet, which by definition excludes consumers who would purchase the full sugar Van Leeuwen Products.

41.     Consumers of Rebel Creamery's products are very health conscious and deliberate when selecting food, making them much more discernable and careful shoppers than the typical ice cream or food shopper.

42.     Rebel Creamery neither copied nor was even aware of the Van Leeuwen Products when it designed its trade dress, instead following the common trends for food packaging that were widely known and published in the industry.

43.     Despite achieving rapid success and selling nearly 40 million pints since its launch in 2018, and co-existing with the Van Leeuwen Products for over three years, Rebel Creamery is unaware of any instances where a person was actually confused as to the source or affiliation of its products as a result of its trade dress.

44.     Despite launching in its product in 2018, Rebel Creamery received no notice or objection from Van Leeuwen or anyone else until Van Leeuwen filed this lawsuit with no prior warning or notice nearly three years later in 2021.

## FIRST COUNTERCLAIM
### (Declaratory Judgment for No Protectable Trade Dress)

45.     Counterclaim Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Counterclaims as if they were set forth in full herein.

46.     Van Leeuwen's packaging, whether considered across the entire Van Leeuwen Products or narrowed to only the ice cream in pints, is generic, non-specific, and inconsistent, making the packaging incapable of trade dress protection.

47.     Van Leeuwen's packaging, whether considered across the entire Van Leeuwen Products or narrowed to only the ice cream in pints, is not inherently distinctive and has not acquired distinctiveness, both because of its reliance on generic, non-specific, and inconsistent elements and because Van Leeuwen used the packaging for only two years prior to Rebel Creamery's launch of its products.

## SECOND COUNTERCLAIM
### (Declaratory Judgment for No Trade Dress Infringement)

48.     Counterclaim Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Counterclaims as if they were set forth in full herein.

49.     There is no likelihood of confusion between Rebel Creamery's use of its packaging and Van Leeuwen's use of its packaging.

50.     Rebel Creamery's use of its packaging does not infringe any protectible trade dress rights owned by Van Leeuwen.

51.     By reason of the existence of an actual and justiciable controversy and the facts more fully set forth above, Rebel Creamery is entitled to, and the Court should order, a

declaration that Rebel Creamery's use of its packing does not infringe or violate any existing or value trade dress right owned by Van Leeuwen under any state statute or common law rights, or violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff demands judgment in its favor and against Counterclaim Defendant as follows:

1. That Counterclaim Defendant has no protectable trade dress rights in its packaging, either for all the Van Leeuwen Products or for the ice cream in pints in particular.

2. That Rebel Creamery has not and does not infringe any trade dress rights of Van Leeuwen under any state statute, common law, or Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

3. That Counterclaim Plaintiff be awarded such other and further relief as the Court may deem proper.

Respectfully submitted this 10th day of February, 2022

/s/ *Timothy P. Getzoff*
Timothy P. Getzoff (admitted *pro hac vice*)
HOLLAND & HART LLP
P.O. Box 8749
Denver, Colorado 80201-8749
Phone: (303) 295-8284
Facsimile: (720) 235-0234
tgetzoff@hollandhart.com
docket@hollandhart.com


Jessica Caterina
SCHLAM STONE & DOLAN LLP
26 Broadway
New York, New York 10004

Phone: (212) 344-5400
Facsimile: (212)344-7677
jcaterina@schlamstone.com

Attorneys for Defendant/
Counterclaim Plaintiff Rebel Creamery LLC

18242162_v1