```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

VAN LEEUWEN ICE CREAM LLC,

                Plaintiff,              MEMORANDUM & ORDER
                                        21-CV-2356(EK)(JRC)

        -against-

REBEL CREAMERY LLC,

                Defendant.
------------------------------------x
```
ERIC KOMITEE, United States District Judge:

## I. Background

In this trademark case, Van Leeuwen Ice Cream LLC sues a competitor of sorts, Rebel Creamery LLC, for infringement of Van Leeuwen's trade dress and related claims under federal and New York law. Van Leeuwen's complaint seeks, among other remedies: injunctive relief requiring Rebel to repackage its products, compensatory and punitive damages, attorney's fees and costs, and an order requiring Rebel to account for and pay over the profits from its infringement. Rebel has filed certain counterclaims. Neither party has moved for summary judgment.

After discovery closed, Rebel moved to strike Van Leeuwen's jury demand, arguing that Van Leeuwen has abandoned its claims that were legal in nature, and is not entitled to a jury trial on the equitable claims that remain. Van Leeuwen abandoned its claim for legal relief, according to Rebel, when

it declined to provide a computation of its damages in discovery as required by Rule 26(a) of the Federal Rules of Civil Procedure. As discussed below, this decision triggered the prohibition, set out in Rule 37(c) of the Federal Rules of Civil Procedure, on the introduction of such a calculation at trial. As a result, Van Leeuwen is limited to the pursuit of equitable remedies.

For the following reasons, the motion to strike the jury demand is granted.

## II.  Discussion

A jury demand on a given claim or issue must be stricken when "the court, on motion or on its own, finds that on some or all of those issues [for which a jury is demanded] there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). The Seventh Amendment guarantees the right to trial by jury only "[i]n Suits at common law." *See Tull v. United States*, 481 U.S. 412, 417 (1987).[1]

The right applies in those actions, including actions created by statute, that are analogous to "Suits at common law" brought in the English law courts prior to the adoption of the Seventh Amendment. *See id.* "[T]he phrase 'Suits at common law' refers to suits in which legal rights are to be ascertained and

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

2

determined, in contradistinction to those where equitable rights alone are recognized, and equitable remedies are administered." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 564 (1990).

However, merely pleading entitlement to legal relief does not necessarily guarantee a jury trial: if the only *remedies* that the plaintiff can receive from trial are equitable, the plaintiff has no right to a jury trial. In *Design Strategy, Inc. v. Davis*, for example, the Second Circuit affirmed the district court's decision to strike a jury demand once it became clear that the plaintiff could prevail only on equitable theories of recovery. 469 F.3d 284, 299-300 (2d Cir. 2006). The plaintiff originally sought both "compensatory damages" for lost profits — classic legal relief — and various forms of equitable relief, including disgorgement of profits and an accounting. *See id.* at 289-90. As the case progressed, however, the district court precluded the plaintiff from introducing evidence of lost profits at trial as a discovery sanction. *See id.* at 296. Thus, the plaintiff could not prove compensatory damages, *see id.* at 299; the district court then denied the plaintiff a jury trial, as only equitable relief remained in issue. *See id.* at 299-300. The Second Circuit affirmed. *See id.*

3

Thus, to defeat the instant motion, Van Leeuwen must show that it not only has pled, but that it can prevail on, at least one legal claim. The claims Van Leeuwen has pled that can potentially be so characterized are those seeking monetary relief under the Lanham Act and under New York common law. I consider the nature of these claims in turn.

**A.   Lanham Act Claims**

1.   <u>The Jury Trial Right in Lanham Act Cases</u>

Under the Lanham Act, a plaintiff in a trademark case can recover: its own damages (from, for example, lost profits and injured reputation); its attorneys' fees and costs; and the defendant's profits. *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 261 (2d Cir. 2014) (citing 15 U.S.C. § 1117(a)); *see George Basch Co. v. Blue Coral, Inc.*, 968 F.2d 1532, 1539-40 (2d Cir. 1992).

"[D]amages for trademark infringement" are a "legal form[] of monetary relief" to which the right to a jury trial attaches. *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 133 (2d Cir. 2014) (citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472-73, 477-78 (1962)). In contrast, "[i]t is well settled that a claim for attorneys' fees and costs under the Lanham Act does not entitle a party to a trial by jury." *Empresa Cubana Del Tabaco v. Culbro Corp.*, 123 F. Supp. 2d 203, 211 (S.D.N.Y. 2000).

4

The Supreme Court has explained that as an alternative to damages for its own lost profits, a trademark plaintiff may recover an infringing defendant's illicit gains "as an equitable measure of compensation." *Hamilton-Brown Shoe Co. v. Wolf Bros. & Co.*, 240 U.S. 251, 259 (1916). "A defendant who is liable in a trademark or trade dress infringement action may be deemed to hold its profits in constructive trust for the injured plaintiff." *George Basch*, 968 F.2d at 1538. In other words, a defendant may be "accountable for its profits" to the plaintiff. *Id.* A claim seeking an "accounting" of such profits is "a restitutionary action in equity, imposing on a defendant the obligation to disclose and return profits from the use of the plaintiff's property." *Gucci*, 768 F.3d at 131. It is "founded in the Chancellor's equitable power to compel an accounting of wrongly gained assets." *Id.*

The Second Circuit recognizes "three categorically distinct rationales for awarding a successful Lanham Act plaintiff an accounting for the defendant's profits: (1) to avoid unjust enrichment; (2) as a proxy for plaintiff's actual damages; and (3) to deter infringement." *4 Pillar Dynasty LLC v. N. Y. & Co., Inc.*, 933 F.3d 202, 212 (2d Cir. 2019). In this case, Van Leeuwen invokes the second rationale, arguing that it is seeking Rebel's profits as a proxy for Van Leeuwen's actual damages. *See* Van Leeuwen Opp. to Mot. to Strike 3, ECF No. 48.

5

And Van Leeuwen contends that this class of Lanham Act claims supports a jury demand. *See id.* Effectively, according to Van Leeuwen's view, the claim for an accounting is equitable, but when that claim is made as a proxy for a legal claim, the jury entitlement still holds. This view is not, in the end, correct.

Van Leeuwen's position does find support in several district court opinions from this circuit that predate *Gucci*. These decisions held that a claim for an infringer's profits as a "proxy for damages" was legal in nature, and thus could support a jury demand. Some of these cases relied on the Supreme Court's 1962 decision in *Dairy Queen*, which held that a trademark infringement claim was triable to a jury despite the plaintiff's prayer for an accounting, where the particular money judgment requested in the complaint was "unquestionably legal" in nature. *See* 369 U.S. at 472-73, 476-78.

In *Daisy Group, Ltd. v. Newport News, Inc.*, for example, the district court held that the plaintiff's "claim for profits under the Lanham Act g[ave] rise to a right to trial by jury" because the plaintiff sought "profits as a rough proxy measure of its damages." 999 F. Supp. 548, 551-52 (S.D.N.Y. 1998). In *Ideal World Marketing, Inc. v. Duracell, Inc.*, the court went as far as to hold that *all* Lanham Act profits claims garner the jury trial right. 997 F. Supp. 334, 339 (E.D.N.Y. 1998). The *Ideal World* court rejected that "a right as

6

fundamental as the Seventh Amendment right to a jury trial can be made to depend upon subtle distinctions between . . . rationales" for the remedy.  *Id.*

But these district court decisions, and their interpretation of *Dairy Queen*, cannot be reconciled with the Second Circuit's subsequent — and more specific — holding in *Gucci*.  The *Gucci* panel considered whether a district court had the power to issue a preliminary injunction freezing an infringer's assets in a trademark case.  768 F.3d at 132-33.  The court would have that power only if the plaintiff sought at least one equitable, rather than legal, remedy.  *Id.* at 131.[2]

The Second Circuit concluded that the district court could issue the injunction because the plaintiff prayed for an accounting for the defendant's profits under the Lanham Act.  *Id.* at 133.  That remedy, the court held, is equitable, not legal.  *Id.* at 132.  The court distinguished *Dairy Queen* as involving a request for the plaintiff's damages — not solely for the defendant's profits.  *See Gucci*, 768 F.3d at 132-33.  The court explained that while the *Dairy Queen* plaintiffs' "complaint included a request for an accounting," those plaintiffs "did not seek an award of profits, but amounts owed

---

[2] As the Second Circuit explained, "district courts have no authority to issue a prejudgment asset freeze . . . where such relief was not traditionally accorded by courts of equity."  *Id.*  Yet "they maintain the equitable power to do so" where the plaintiff is "pursuing a claim for final equitable relief."  *Id.*

7

under a contract and *damages* for trademark infringement." *Id.* This conclusion relied on the following description, in *Dairy Queen*, of the remedies sought:

> The most natural construction of the respondents' claim for a money judgment would seem to be that it is a claim that they are entitled to recover whatever was owed them under the [trademark license] contract as of the date of its purported termination plus damages for infringement of their trademark since that date.

*Dairy Queen*, 369 U.S. at 477.

*Gucci* thus clarified that a Lanham Act accounting for profits — even when the rationale for the remedy is to supply a "proxy" for legal damages — is equitable. It follows that entitlement to a jury trial cannot be manufactured by "the rationale the plaintiff offer[s] for seeking to recover the defendant's profits." *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1360 (11th Cir. 2019) (affirming denial of jury trial on Lanham Act profits claim, and invoking *Gucci* in support). That conclusion is consistent with "the longstanding interpretation of the Seventh Amendment set out by the Supreme Court, which requires [courts] to look to the nature of the action and the nature of the requested remedy" to determine whether it supports a jury demand. *Id.; see also Tull*, 481 U.S. at 417 (articulating this interpretation).

Since *Gucci*, other district courts in this circuit have recognized that a Lanham Act profits claim — a disgorgement

8

remedy, at bottom — cannot support a jury demand. This trend is consistent with *Design Strategy*'s teaching that there is no right to a jury trial unless the court can award "damages in the strict sense of remedying loss." 469 F.3d at 300.

A court in this district recently struck a jury demand in reliance on Gucci. *See RVC Floor Decor, Ltd. v. Floor & Decor Outlets of Am., Inc.*, No. 18-CV-6449, 2023 WL 3092918, at *7 (E.D.N.Y. Apr. 26, 2023). The court reasoned that "Plaintiff's remaining remedies" of "disgorgement of profits under [the Lanham Act] and state law, and an injunction" were all equitable. *Id.*

Similarly, in *Bruce Kirby, Inc. v. Laserperformance (Europe) Ltd.*, after a jury in a Lanham Act case purported to award the defendant's profits as "damages," the court deemed the award advisory. No. 13-CV-00297, 2021 WL 328632, at *12 (D. Conn. Feb. 1, 2021), *aff'd in part on other grounds*, No. 21-519, 2023 WL 5319216 (2d Cir. Aug. 18, 2023). The court, applying *Gucci*, concluded that the remedy the plaintiffs had sought was the equitable profits remedy, not the legal damages remedy, and "there [was] no right to a jury trial on that issue." *Id.*

To be sure, some district courts have allowed juries to award profits in Lanham Act cases even after *Gucci*. For example, in *Car Freshner Corp. v. D & J Distrib. & Mfg., Inc.* — provided in slip copy by the plaintiffs — the court "instructed

9

the jury that the Lanham Act permits a plaintiff to recover the *profits* that a defendant earned through its acts of infringement." No. 14-CV-391, slip. op. at 3 (S.D.N.Y. Mar. 1, 2016), ECF No. 114 (emphasis added). The court then upheld the jury's award of such profits, without deeming it advisory. *See id.* But it did so with no analysis of the Seventh Amendment question, and it appears from the court's passing description that damages, as well as equitable remedies, were in play.[3]

The Seventh Amendment question here is resolved by *Gucci*: damages (i.e., harm to the plaintiff) support a jury demand, while profits (gain to the defendant) do not. *See* 768 F.3d at 131–33. A profits claim does not support a jury demand even if the plaintiff purports to seek "a determination of a defendant's profits for the purposes of a damages award under the Lanham Act." *Bruce Kirby*, 2021 WL 328632, at *12. It is "the basis for the plaintiff's claim and the nature of the underlying remedies sought," and not how the plaintiff has "labeled" it, that dictates whether a claim is legal or equitable. *Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Gerber Life Ins. Co.*, 771 F.3d 150, 153–54 (2d Cir. 2014).

---

[3] In *Car Freshner*, the defendant had not objected to the jury's deciding the issue; on the contrary, the defendants had actually moved for a new trial — before a new jury — because "the jury lacked the necessary proof . . . to render a damages verdict." Defs.' Reply Mem. 12, *Car Freshner*, No. 14-CV-391 (S.D.N.Y. Feb. 9, 2016), ECF No. 113.

10

2. Van Leeuwen's Lanham Act Claims Do Not Support its
   <u>Jury Demand</u>

Here, as noted above, Van Leeuwen *pled* Lanham Act claims for damages and profits alike.  On the face of Van Leeuwen's complaint, Van Leeuwen seeks the relief that, per *Dairy Queen*, entitles a trademark plaintiff to a jury trial: a legal claim for "damages based upon a charge of trademark infringement," plus equitable remedies.  *See* 369 U.S. at 477, 479.  Nevertheless, Van Leeuwen can obtain only equitable remedies on its Lanham Act claims, as it can no longer *prove* actual damages at trial.  *Design Strategy*, 469 F.3d at 299–300.  This is true because of the way Van Leeuwen opted to conduct discovery.

Under Rule 26(a), a party must "provide a computation of any category of damages voluntarily, *i.e.*, 'without awaiting a discovery request.'"  *Id.* (quoting Fed. R. Civ. P. 26(a)(1)(A)).  If a party fails to disclose such a computation, "the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."  Fed R. Civ. P. 37(c)(1); *see also Design Strategy*, 469 F.3d at 298.

Van Leeuwen disclosed a computation of Rebel's illicit gains during discovery, which has now closed.  *See* Expert Report of Phillip Brida, Mot. Ex. B ¶ 7, ECF No. 46 (calculating "the

11

amount of damages due to Van Leeuwen based on the profits realized by Rebel"). But Van Leeuwen explicitly declined to disclose a computation of its own lost profits, stating that "[a] computation of damages in accordance with Rule 26(a)(1)(A)(iii) is premature at this time." Van Leeuwen Initial Disclosures, Mot. Ex. A at 6, ECF No. 38-1.

While I might possess discretion to allow Van Leeuwen to belatedly introduce a computation of its actual damages, Van Leeuwen has confirmed that no such computation will be forthcoming. At oral argument, Van Leeuwen unequivocally disclaimed any intention to offer proof of its actual damages in this case, contenting itself to rely on its expert's calculation of Rebel's profits as a proxy for Van Leeuwen's damages. *See* Hr'g Tr. 16:15-19, ECF No. 63 ("The only computation of damages that Van Leeuwen is putting forth is an accounting of Rebel's profits, the computation that was set forth in our damages report. Van Leeuwen does not intend to present a separate actual damages computation.").

Notwithstanding the case law discussed above, Van Leeuwen argues that this tack entitles it to a jury trial. As noted above, the Second Circuit recognizes that one "rationale[] for awarding a successful Lanham Act plaintiff an accounting for the defendant's profits" is that a profits award can serve "as a proxy for plaintiff's actual damages," *4 Pillar Dynasty*, 933

12

F.3d at 212 — albeit only a "rough" one. *George Basch*, 968 F.2d at 1539. From this principle, Van Leeuwen argues that a computation of a Lanham Act defendant's profits, unmoored from the plaintiff's actual damages, is necessarily an adequate computation of the plaintiff's actual damages, as it is a "rough" equivalent thereof. *See* Van Leeuwen Opp. 15. Thus, Van Leeuwen insists, it has introduced a calculation of its actual damages: the calculation of Rebel's profits.

But Van Leeuwen takes the Second Circuit's words out of context. It is the profits *equitable remedy* that is a rough proxy for the legal remedy of damages. Calculations of trademark infringers' profits are not, as an arithmetic matter, "proxies" for markholders' actual damages.

Underscoring this point, when courts in this circuit have calculated Lanham Act plaintiffs' actual damages, they have not simply tallied up the defendants' total profits from infringing sales. For example, in *River Light V, L.P. v. Lin & J Int'l, Inc.*, the court calculated actual damages by estimating the percentage of the infringer's customers who bought infringing "knock-offs" by mistake. *See* No. 13-CV-3669, 2015 WL 3916271, at *7-8 (S.D.N.Y. June 25, 2015). The court then assumed that the markholder would have been able to sell — at the markholder's profit margins — to that subset of the

13

infringer's customers. *See id.* The defendant's profits played no *per se* role in the calculation.

Similarly, in *Church & Dwight Co. v. SPD Swiss Precision Diagnostics GmbH*, when calculating actual damages, the court did not use the defendants' profits — *i.e.*, the defendants' sales multiplied by its profit margin per unit. *Id.* Instead, as in *River Light*, the court used the defendants' sales multiplied by the *plaintiff's* profit margin per unit. *See id.* The district court used this methodology even though the "plaintiff's lost profits and the defendants' [gained] profits [we]re based upon the same sales." No. 14-CV-585, 2018 WL 4253181, at *16 (S.D.N.Y. Sept. 5, 2018).

Van Leeuwen counters that "damages" are available under the Lanham Act even to plaintiffs who cannot prove the amount of their damages, if they can show a "general right to damages." Hr'g Tr. 22:6 (quoting *George Basch*, 968 F.2d at 1539). To that end, Van Leeuwen relies on *George Basch*, in which the Second Circuit noted "the inherent difficulty in isolating the causation behind diverted sales and injured reputation" and that "damages from trademark or trade dress infringement are often hard to establish." 968 F.2d at 1539. As a result, as a "rule," "profits from defendant's proven sales are awarded to the plaintiff unless the defendant can show that the infringement had no relationship to those earnings." *Id.*

14

But *George Basch* never suggests that a plaintiff can prevail in a jury trial without proving actual damages. Indeed, *George Basch* sourced its "rule" from a passage in the Supreme Court's decision in *Mishawaka Manufacturing Co. v. S.S. Kresge Co.*, 316 U.S. 203 (1942), discussing an accounting for defendant's profits under the Trade-Mark Act of 1905, not a claim for plaintiff's damages. *See George Basch*, 968 F.2d at 1539 (citing *Mishawaka*, 316 U.S. at 206).[4] Thus, the *George Basch* rule eases a plaintiff's burden on a profits claim — but such a claim still cannot support a jury demand, even when labeled as a damages claim. *See also Cent. States*, 771 F.3d at 153-54 (nature of claim, not label, controls whether it is legal or equitable).

In sum, none of Van Leeuwen's Lanham Act claims support its jury demand.

**B.   New York Law Claims**

Van Leeuwen also asserts New York common law claims for trade-dress infringement and unfair competition, and a trademark dilution claim under N.Y. Gen. Bus. Law § 360-l. Compl. ¶¶ 54-55, 63, ECF No. 1. But without a computation of actual damages, Van Leeuwen cannot recover compensatory damages

---

[4] *See also Mishawaka*, 316 U.S. at 205-06 ("[The Trade-Mark Act of 1905] provides that upon a decree being rendered in any such case for wrongful use of a trade-mark the complainant shall be entitled to recover, in addition to *the profits to be accounted for by the defendant*, the damages the complainant has sustained thereby . . . and *in assessing profits* the plaintiff shall be required to prove defendant's sales only . . . . Infringement and damage having been found, the Act requires the trade-mark owner to prove only the sales of articles bearing the infringing mark." (emphasis added)).

15

under state law, either. *See Design Strategy*, 469 F.3d at 299-300. The Second Circuit held as much in *Design Strategy*, which involved New York common law claims seeking to recover "lost profits," on the one hand, and "profits earned by the Defendants," on the other. *Id.* The *Design Strategy* court held that the district court's "decision to preclude evidence, and therefore a claim, of lost profits" left the plaintiff seeking "profits earned by the Defendants," a remedy that was equitable because it had no "connection to [the plaintiff's] actual loss." *Id.*

Since *Design Strategy*, the New York Court of Appeals has confirmed that "profits" cannot be awarded in New York unfair competition cases unless the plaintiff demonstrates "a causal relation not wholly unsubstantial and imaginary[] between the gains of the [defendant] and those diverted from" the plaintiff. *E.J. Brooks Co. v. Cambridge Sec. Seals*, 105 N.E.3d 301, 308-09 (N.Y. 2018). Van Leeuwen insists that it will combine its computation of Rebel's profits with "evidence of actual damage" such as "a drop in year-over-year sales when Rebel hit the market." Van Leeuwen Opp. 15. But, at least in federal court, Van Leeuwen cannot escape *Design Strategy* and Rule 26's requirement of a computation of Van Leeuwen's actual damages as a prerequisite to asserting a lost profits theory at trial.

Furthermore, under New York law, "punitive damages may not be awarded absent sustainable compensatory damages." *Rivera v. City of New York*, 836 N.Y.S.2d 108, 117 (N.Y. App. Div. 1st Dep't 2007); *see* N.Y. Pattern Jury Instr. Civil 2:278 ("Punitive damages may not be awarded unless there has been an award for compensatory damages (even nominal)." (citing *Hubbell v. Trans World Life Ins. Co. of N.Y.*, 408 N.E.2d 918, 919 (N.Y. 1980))). Punitive damages are accordingly unavailable on the New York law claims. *See Design Strategy*, 469 F.3d at 300 (no compensatory damages possible without evidence of plaintiff's "actual loss").[5] And injunctive relief for trademark dilution, available under Section 360-l, is of course equitable, not legal. *RVC Floor Decor*, 2023 WL 3092918, at *7; *see also F.T.C. v. Bronson Partners, LLC*, 654 F.3d 359, 367 (2d Cir. 2011) (noting that "a court of equity" historically "had exclusive jurisdiction" to "award[] [an] injunction"). Van Leeuwen's state law claims thus cannot save its jury demand.[6]

---

[5] The *Design Strategy* court declined to reach the question of whether punitive damages alone would support a jury trial, as it had not been briefed, and accordingly did not analyze whether the plaintiff there could obtain punitive damages. *Id.* Because Van Leeuwen cannot prove any entitlement to punitive damages under New York law, I also need not consider whether, were such damages available, Van Leeuwen would be entitled to a jury trial.

[6] Though Van Leeuwen argued in its briefing that it should at minimum be entitled to an advisory jury, Van Leeuwen Opp. 16, Van Leeuwen withdrew the request for an advisory jury at oral argument. Hr'g Tr. 40:20-41:3.

### III. Conclusion

For the foregoing reasons, the motion to strike the jury demand is granted. By April 5, 2024, the parties shall submit an updated Joint Pretrial Order consistent with this order. A pretrial conference shall be held on April 8 at 10:30 AM.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   March 11, 2024
         Brooklyn, New York